HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL JORDAN,<br><br>Defendant. | CASE NO. CR05-5823RBL<br><br>ORDER DENYING MOTION FOR RESENTENCING |

THIS MATTER is before the Court on pro se Defendant Jordan's Motion for a reduction in Sentence, based on his rehabilitation in custody. Jordan pled guilty to Kidnapping Resulting in Death in 2007. That felony carried a mandatory minimum of life imprisonment. As part of the plea agreement, parties agreed to a sentence of 16-22 years. Jordan was sentenced to 19. He has served 12.

Jordan claims he has been rehabilitated in prison and asks the Court to reduce his sentence by an undetermined amount as a result. He relies on *Pepper v United States*, 131 S.Sct. 1229 (2011) for the proposition that a District Court can consider his post-sentencing conduct in re-sentencing., But as the Government points out, Pepper involved a post-*Booker*, post-remand re-sentencing. *Booker* does not apply to Jordan and his sentence has not been set aside.

ORDER DENYING MOTION FOR
RESENTENCING - 1

Instead, he must clear the twin hurdles of 18 U.S.C. § 3582(c)(2)—a narrow statue allowing limited adjustments to an otherwise final sentence; it is not authority for a plenary resentencing proceeding. *See Dillon v. United States*, 560 U.S. 817 (2010).

The Government argues that Jordan cannot pass the first test, because the Guidelines have not been amended in a way that addresses his crime or his sentence. *See* USSG § 1B10(a)(1). None of the amendments applies, and none have the effect of lowering the defendant's "applicable guideline range." USSG § 1B1.10(a)(2).

For these and the other reasons identified and articulated in the Government's response, the Motion is DENIED.

IT IS SO ORDERED.

Dated this 23rd day of March, 2018.

Ronald B. Leighton
United States District Judge

ORDER DENYING MOTION FOR
RESENTENCING - 2